Larry Spangs Mayor's Council My name is Lacy McDonald. I'm here on behalf of Frederick Turner Jr. Personal representative of Ruby Erwin the Deceased Just to give a little background to this case This concerns a mortgage foreclosure action Ms. Erwin entered into a mortgage with Area Bank, which is formally today Bank of Rose Claire in 2001. Ms. Erwin died in 2004 before the mortgage had been completely paid in full. The bank failed to file a claim against her or her estate and failed to do anything until April 5, 2010 when they filed a complaint for foreclosure. The issue on this appeal is, is the mortgage foreclosure action barred by the claims bar found in the probate code, which states that any claim not brought within two years of the deceased's debt is otherwise barred. Here, we're dealing with a mortgage foreclosure action. And the question is, is it a claim against the estate? The probate code defines claims as any cause of action. I don't believe there's an argument that a mortgage foreclosure is not a cause of action Instead, it is a cause of action. I believe the question lies in whether this is an in-rem proceeding or if it is a quasi-in-rem or in-personam proceeding. I believe the appellee's claim is that the claims bar found in the probate code doesn't apply to this case because this is a case against the property. However, that is not the case. In fact, the Supreme Court stated in ABM Ambrose v. McGann that an action, a foreclosure action, mortgage foreclosure action is quasi-in-rem, which they went away from what has historically been referred to as an in-rem proceeding and instead moved towards it being a quasi-in-rem. And they said that it is the mortgagor's interest in the property that is the subject of the litigation. It is the mortgagor who did the wrong, not the property that did the wrong. How do you square the two-year claim period with the ten-year contract statute of limitations? I believe that in this case the claims bar limit is what applies here, not the ten-year statute of limitations, because we are dealing with a decedent. We are dealing with someone who is deceased, and as such, the claims bar found in the probate code is what should apply instead of that ten-year statute of limitations. Why can't the two apply and coexist together? That is, the ten-year statute of limitations can apply to the foreclosure to the note, but the two years would act as a bar toward any indebtedness that might be owed after the sale, an arrearage, for example. Right. I believe that no longer applies because of what the Supreme Court ruled in A.B. Ambrose v. McGann, which they went away from that stating that these actions are now quasi-in-rem actions, not solely in-rem actions, in that it's actually the person who did the wrong thing. You're going against the person, maybe through the property, yes, but it's still an action against the person. Historically, cases including Freedom Financial v. Purchase had said they dealt with the same issue. Is a mortgage foreclosure action barred by the two-year claims bar found in the probate act? And in that case, they said no. Of course, their reasoning for that is because they stated that a mortgage foreclosure action is an in-rem proceeding, and as such, isn't against the estate. It isn't against the person. It's against the property. However, the Supreme Court recently, in 2010, ruled that it is a quasi-in-rem. It's against the person through the property. But that means that if the bank prevails on the mortgage and there's an arrearage, that they can't use the two they can't, the two-year claim bars them from going against the decedent's estate, right? Right. I mean, isn't that what that's saying? You can still bring your foreclosure action, but if there's an arrearage, you can't go against the decedent's estate because now it's a quasi-in-rem proceeding. Do you agree or disagree with that? I agree and disagree. Okay. I believe that that is what historically was said because it was an in-rem. And they were saying you can't go after that deficiency. Historically, you couldn't go after the if you read Ambrose to say the same thing, it's not really done anything. And I don't believe that was the intent of the Supreme Court. I believe their intent was to make that distinction. To say that no longer is it an in-rem proceeding where you can't proceed or where it's not against the person. I believe by making it a quasi-in-rem, they're stating that it is against the person as well because it's the person who did the wrong, not the property itself. I believe they're saying it's that now the claim that you're dealing with here being the mortgage foreclosure, it concerns the mortgagor's interest in the property. And in our case, that's exactly what's going on here. It's concerning the claim, the mortgagor's interest in the property being Ruby Irwin, who is deceased, who died in 2004. They had two years to bring their claim against her based on the probate code's claims bar limit. They failed to do so. In fact, they didn't do anything for six years. And then they decide that they're going to move forward with the complaint for foreclosure. However, based on the finding in Ambrose, I do not believe they're allowed to do that anymore. That claims bar limit barred them from filing any claim two years after the date. So what should happen to the property? The property should now go to the estate of Ruby Irwin. As I said, historically, these have been classified as in-rim proceedings. And for those reasons, courts have found historically that a mortgage foreclosure action could provide that two-year claims bar. However, now, based on looking at the evidence, I don't believe that's the case anymore. Now, the foreclosure action itself can be time-barred. And in fact, here is time-barred by that two-year claims bar. In the alternative, the note, the underlying note, that is an action against the person. The underlying note, that's what secures that mortgage foreclosure. Here, the underlying note, a claim against the estate, once again, was time-barred two years after the decedent's death. They did not bring an action against the note. And as such, there is no longer, it is barred. There's nothing to collect on. There is no note now because it's barred by the two-year statute of limitations. And if there is no underlying note, there's no longer anything to foreclose on because you no longer have any secured interest because what's owed on the note is nothing. And if there's nothing owed on the note, then the bank is entitled to nothing. As stated here, mortgage foreclosure action is an action which is a claim against the estate of the decedent. Here we have a decedent who died in 2004. The bank failed to file to bring a complaint for foreclosure until 2010, six years after the death of the decedent. The claims bar found in the probate code, barred. It's a complete bar to a claim brought two years after the death of the decedent. This is exactly what we're dealing with here. You have foreclosure action, which is a claim made against the estate, which was not brought within that two years claims bar found in the probate code. And as such, any foreclosure action is time barred. My name is Craig Reeves, along with my co-counsel Michael Toomey. We represent the plaintiff in this matter, Area Bank. There are two significant issues before the court, and the first one is a procedural issue that hasn't been touched on in the argument so far today. And that is whether the substantive issues that the appellant is arguing before this court have actually been preserved for appeal. It appears that they were not. The judge's judgment order in this case was entered on May 24th of 2012, and it contained the language pursuant to Supreme Court Rule 304A that there was no just reason to delay enforcement or appeal of that order. The court proceeded and held a foreclosure sale. The court entered an order confirming that sale, and I believe the record will reflect that the personal representative had stated that he had an objection to the entry of that order, and so the court entered an order over the objection that the sale be confirmed. However, that took place on some date a little bit later, and the notice of appeal was not filed until August 13th. The notice of appeal is timely as to the order confirming sale. It is not, however, timely as to the judgment of foreclosure that was entered on May 24th and that dealt with the substantive issues that are before this court. Mr. Reeves, have you looked at EMC Mortgage Corporation v. Kemp? It's a December 28, 2012 Illinois Supreme Court case, which according to this case says, it is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution. So if I heard you right, you just conceded that the order directing the sale and the appeal would be timely, correct? The appeal of the order confirming sale was timely. Right. The appeal of the order of the judgment of foreclosure was timely. I would suggest you look at this case and see if you still I'm listening to your argument. I certainly shall. Looking to the notice of appeal that was filed in this matter, the notice states that the special administrator appeals from the order entered on July 12, 2012 confirming sale of the foreclosed real estate in the event of cause. The notice of appeal is not directed to the underlying judgment of foreclosure that dealt with the substantive issues that were before the court. And that is another infirmity procedurally in this case. So I don't believe the court has to reach the substantive issues that have been argued so far. However, I'd like to proceed to address those. It's important to pay attention to what the ABN-AMRO case says and what it doesn't say. And what it says is that a mortgage foreclosure action is a quasi-in-room proceeding. It overrules a number of other authorities that would say that that foreclosure action is an in-room proceeding. And I'd submit that the court is correct in that respect because an in-room proceeding goes solely against the property. The United States versus a suitcase full of cash is an in-room proceeding. There's a notice given, but it's not directed to any individual. In this instance, because it's a quasi-in-room proceeding, there's both an in-personam and an in-rem aspect of the case. And the in-rem aspect deals with the real estate itself and seeks to have the real estate sold to satisfy an obligation. The in-personam aspect of it brings people before the court that have an interest in that real estate. And that's what ABN-AMRO said was the old practice of simply naming and publishing a notice as to the unknown heirs and legatees of the mortgage or is no longer going to work. You have to appoint a personal representative under this code of civil procedure in order to have an individual for the in-personam aspect of that case. The ABN-AMRO case does not extend to impose a claims bar in this instance. Mr. Reeves, let me ask you the same question. Do you think that the 2-year statute and the 10-year statute can work side-by-side? Certainly they can. And in fact, it's appropriate where the court can do so to give effect to all of the statutes that are involved here. The 2-year claims bar is intended to cut off claims against the assets of the decedent's estate. So if you prevailed on your foreclosure action and there was an arrearage, do you agree that you wouldn't be able to go back against the assets of the estate because the 2 years had already passed? That is correct. In this instance, we've got at least two 10-year statutes of limitations that apply to this. The 10-year concerning a written contract and the 10-year statute for a mortgage foreclosure. Those can certainly be reconciled with the claims bond age. In this instance, nobody is seeking to recover against any assets of the mortgage owner to be earned. She's died. None of her heirs were signatories to the note. None of them are liable on that note and there's no liability asserted against anybody for any money judgment in this case. However, the fact that ABN Amaro has re-characterized these cases as quasi-newborn is certainly reconcilable with the posture of this case that we have before you. There is a representative that the court has jurisdiction over that has appeared and has litigated this case. There was a race, which is the property, which was sold in order to satisfy the underlying obligation in this case. In addition, the legislature over the years has obviously contemplated that a mortgage can survive the probate procedure and that's reflected in the no exoneration statute that says that a legatee can take property subject to a mortgage through an estate. The obligation survives. The mortgage lien survives on the property. As to the easiest way to reconcile the claims bar with the statutes of limitation, and that is for the court to find that recovery is barred against any of the assets of the decedent that were inventoried and distributed. In this instance, there was no probate had and so no assets were inventoried or distributed. However, had there been the assets of the estate would have been real estate with a lien on it. In this instance, the judge's opinion that he wrote in his case is instructive. One of the things the judge observed was that in this instance death was not an event of default under the mortgage. The heirs had apparently continued to pay for some time subsequent to the death of Miss Erin. At the time of that two year period following her death expired, the cause of action to foreclose this mortgage had not accrued. And so in a case like this where there is no formal probate, there would have been no notice published and there would have been no notice directed to known heirs or to known parties of interest of the need to file those claims. There's simply nothing to reflect that the bank would have had notice and an opportunity to declare a default to foreclose its mortgage. In fact, it appears they may not have had the right to bring that action. As of the time the decedent passed away. And the Schlegel versus Nardi cases is representative of that principle that the claims bar only bars those things that have been inventory subject to be distributed. So it's important that the court realize what the Supreme Court did in 1889. They settled the issue of whether there's a purely in rem proceeding in foreclosure whether there is also an impersonal aspect of the foreclosure and they said that it's quasi in rem. There are characteristics of both of those types of kinds of action present. In this instance we had to do it midstream but we complied with ABN Amaro by having a personal representative appointed. He appeared and represented the interests of the heirs of Rudy Erwin. The court correctly found that the claims bar did not extinguish the mortgage and the underlying obligation under the note. And I would submit that Your Honor should affirm the court's order. What was the fault that triggered the mortgage foreclosure? I believe it was a failure to pay that would have been subsequent to the two year two years expiring after her date. Who was paying? I don't believe there was evidence before the court but I believe the understanding on both sides is that some of the So there was no claim at the trial court that the heirs had assumed the mortgage? I don't believe so. So they were gratuitously paying the payments? I believe so. Yeah, the complaint reflects a default in payment. But not by who? By the mortgagor who was the only person obligated to make payments. By who? By the mortgagor Rudy Erwin who was the only person obligated to make payments. I know but you confused me when you said the event of default was not the death and the failure of her to make payments. I'm sorry, I may have misspoken. Certainly the failure to make payments was the event of default. But it was sometime after her death? Yes. And somebody was making payments but that was never brought up in the trial court? I believe so. I'm correct in that. So, Your Honor, I would ask that the trial judge be reaffirmed in this matter. Thank you. Your Honor, Mr. Reaves brings up jurisdiction in this case. And as Your Honor has stated, there is jurisdiction in the confirmation of the sales which did not take place until July of 2012. Our appeal was filed in August of 2012 within that 30-day time period allowed.  The court does have jurisdiction to hear this matter and in fact should hear this matter as you are doing now. Mr. Reaves stated that the bank received no notice that she had passed away, that she was deceased. The probate code does not require an estate to be opened. It does not require that you provide the notice that is laid out in the probate code unless that estate has been opened. However, that is why there is that two-year bar. It's to finalize estates, to close out estates so that these do not just continue on and on and on as in this case some six years after the decedent had passed away. They received constructive notice which is what is anticipated by the probate code why they have that two-year statute of claims bar. Mr. Reaves also stated that the legislature has put down that a mortgage foreclosure can withstand that two-year claims bar. I don't believe that that's what the legislature had intended when it drafted section 20 verse 19A of the probate code. I believe what that was taking into consideration is that a mortgage foreclosure action could withstand debt. Our claim is not that the mortgage foreclosure action can't withstand debt. In fact, it can. It's just that it has to be brought within two years of the decedent's death. That was not done here. They did nothing for six years. They claim that payments were made. However, they could not possibly have been made by the mortgagor who was deceased. Did any of your clients attempt to contact the bank and renew or revise this note? Not that I am aware of, Your Honor. I do not believe so. So they gratuitously, somebody was just paying. Somebody was paying. It's my understanding they were not paying consistently, which is, in fact, why they finally decided to foreclose some six years later. I do not believe they were receiving regular payments. I'm not 100 percent on that, of course, but I do not believe they were making irregular payments. I do not believe anyone, any heir of or anyone else on behalf of Ms. Irwin went to the bank to try to revise this. As stated, she passed away in 2004. Her death was not a default under the mortgage. However, she was the one required to make payments. She didn't. She had died. She could no longer make payments. She didn't make payments. Two years passed. Then four years passed. Then six years passed after her death, and that is when they bring the mortgage foreclosure action. They waited too long. Two years is the claims bar limit found under the probate code, and in that regard the mortgage foreclosure action should not have occurred and any claim that they had was time barred by that two-year statute. Thank you. In light of the fact that this case is raised the EMC case that was not cited by either party, I think we should grant leave to both to file a supplemental brief if they choose to. Would you agree with that, Colleen? Yes. So you have the right to file a supplemental brief raising the EMC case. How many days, Justice Wexler? How many days do you need? We'll report ruin or an order granting 21 days to file a supplemental brief. And that will be limited to the issue raised on the jurisdiction. Thank you. Thank you. Thank you.